Case 3:11-cv-03475-K   Document 48   Filed 11/17/11   Page 1 of 4   PageID 646

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINGLE, M.D., | Civil No. 11cv1486 L(MDD) |
| Plaintiff, | **ORDER GRANTING MOTION TO STAY ALL PROCEEDINGS [doc. #6]** |
| v. | |
| DEPUY ORTHOPAEDICS, INC., *et al.*, | |
| Defendants. | |

Defendants DePuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson move to stay this case pending a transfer decision by the Joint Panel on Multidistrict Litigation ("MDL"). Plaintiff moves to remand this action. Both motions have been fully briefed. The Court finds these matters suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.    Background**

Plaintiff filed this action on June 9, 2011, in the Superior Court for the State of California, County of San Diego, alleging injuries as a result of having a Pinnacle Acetabular Cup System implanted. The device was manufactured and sold by defendant DuPuy. Defendants removed this action on the basis of the Court's diversity jurisdiction even though defendant Thomas P. Schmalzried, M.D. is a citizen of California. Defendants contend that Dr. Schmalzried was fraudulently named in order to defeat the Court's jurisdiction.

On May 23, 2011, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No. 2244, *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, before Judge James E. Kinkeade of the United States District Court for the Northern District of Texas. DePuy sought the transfer of this action to that proceeding.

A Conditional Transfer Order was filed on August 4, 2011; however, plaintiff has opposed the transfer with the MDL Panel. To date, the MDL Panel has not issued an order directed to plaintiff's opposition to transfer of the action.

As noted, defendant seeks to stay this action pending the decision of the MDL Panel concerning the transfer of this case to consolidated pretrial proceedings in the MDL court.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Often, deference to the MDL court for resolution of a motion to remand provides an opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp.2d 1049, 1053 (N.D.Cal.2004). But the MDL Panel's rules do not require that an action be stayed by a district court while a motion with the Panel for transfer is pending:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L. Rule 1.5.

"Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). When considering whether to stay proceedings pending a motion before the Panel, factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *See In re iPhone Application Litig.,* 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011); *Falk v. GMC*, 2007 U.S. Dist. LEXIS 80864, *6

(N.D. Cal. Oct. 22, 2007).

In opposing the motion to stay, plaintiff contends that the court should first consider his motion to remand rather than stay the action. But this argument fails to take into consideration that MDL courts regularly consider remand motions after cases have been transferred. This occurs because deferring to the MDL judge allows for judicial efficiency and consistent rulings on remand motions including those that are based on lack of subject matter jurisdiction.

Deferring to the MDL is most appropriate where the motion "raises issues likely to arise in other actions pending in the MDL transferee court." *Id.*; *see also, e.g., Shields v. Bridgestone/Firestone, Inc.*, 232 F.Supp.2d 715, 718 (E.D. Tex.2002); *Franklin v. Merck & Co., Inc.*, 2007 U.S. District LEXIS 22671, at *2, 2007 WL 792233 (E.D. Cal. Mar. 14, 2007). Plaintiff argues that his pending remand motion raises the unique issue of whether diversity jurisdiction exists based on defendant's contention that Dr. Schmalzried was fraudulently joined to defeat federal jurisdiction. DePuy has noted several other cases where plaintiffs have named Dr. Schmalzried and the cases were transferred to the Pinnacle Cup System MDL proceeding, some of which have or will have remand motions filed.

Because the same jurisdictional issues present may arise in other cases transferred to the MDL proceeding and are likely to be addressed uniformly by the MDL Panel, issuance of a stay satisfies the Court's interest in avoiding duplicative litigation. *See Rivers*, 980 F.Supp. at 1360.

Further, plaintiff has made no showing that he will be prejudiced by a stay pending resolution of the transfer order. The MDL Panel is expected to timely issue a final decision concerning the possible transfer and consolidation of this case. Thus, the Court will defer ruling on plaintiff's motion for remand.

Having carefully considered the arguments of the parties and the relevant case law, the Court finds that defendant has sufficiently demonstrated that temporarily staying this action pending the MDL Panel's ruling on the motion to transfer promotes judicial economy, will not unduly prejudice plaintiff, and will avoid prejudice to both parties stemming from potentially duplicative efforts. Accordingly, **IT IS ORDERED** defendant's motion to stay is **GRANTED**. **IT IS FURTHER ORDERED** that the parties shall file a joint status report 30 days after the

(N.D. Cal. Oct. 22, 2007).

In opposing the motion to stay, plaintiff contends that the court should first consider his motion to remand rather than stay the action. But this argument fails to take into consideration that MDL courts regularly consider remand motions after cases have been transferred. This occurs because deferring to the MDL judge allows for judicial efficiency and consistent rulings on remand motions including those that are based on lack of subject matter jurisdiction.

Deferring to the MDL is most appropriate where the motion "raises issues likely to arise in other actions pending in the MDL transferee court." *Id.*; *see also, e.g., Shields v. Bridgestone/Firestone, Inc.*, 232 F.Supp.2d 715, 718 (E.D. Tex.2002); *Franklin v. Merck & Co., Inc.*, 2007 U.S. District LEXIS 22671, at *2, 2007 WL 792233 (E.D. Cal. Mar. 14, 2007). Plaintiff argues that his pending remand motion raises the unique issue of whether diversity jurisdiction exists based on defendant's contention that Dr. Schmalzried was fraudulently joined to defeat federal jurisdiction. DePuy has noted several other cases where plaintiffs have named Dr. Schmalzried and the cases were transferred to the Pinnacle Cup System MDL proceeding, some of which have or will have remand motions filed.

Because the same jurisdictional issues present may arise in other cases transferred to the MDL proceeding and are likely to be addressed uniformly by the MDL Panel, issuance of a stay satisfies the Court's interest in avoiding duplicative litigation. *See Rivers*, 980 F.Supp. at 1360.

Further, plaintiff has made no showing that he will be prejudiced by a stay pending resolution of the transfer order. The MDL Panel is expected to timely issue a final decision concerning the possible transfer and consolidation of this case. Thus, the Court will defer ruling on plaintiff's motion for remand.

Having carefully considered the arguments of the parties and the relevant case law, the Court finds that defendant has sufficiently demonstrated that temporarily staying this action pending the MDL Panel's ruling on the motion to transfer promotes judicial economy, will not unduly prejudice plaintiff, and will avoid prejudice to both parties stemming from potentially duplicative efforts. Accordingly, **IT IS ORDERED** defendant's motion to stay is **GRANTED**. **IT IS FURTHER ORDERED** that the parties shall file a joint status report 30 days after the

1  filing date of this Order detailing the status of the motion before the MDL Panel, and every 30

2  days thereafter until the MDL Panel issues its decision concerning the transfer of this action.

3  **IT IS SO ORDERED.**

4  DATED: November 17, 2011

5

6  M. James Lorenz
   United States District Court Judge

7  COPY TO:

8  HON. MITCHELL D. DEMBIN
   UNITED STATES MAGISTRATE JUDGE
9

10 ALL PARTIES/COUNSEL